ERNEST FERRELL v. THE STATE.

No. 16912. Delivered June 20, 1934.
Rehearing Denied (Without Written Opinion) October 17, 1934.
Reported in 74 S. W. (2d) 982.

The opinion states the case.

*H. L. Williford,* of Fairfield, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, confinement in the penitentiary for two years.

It was charged in the indictment, in substance, that appellant, with malice aforethought, killed Noland Davis by shooting him with a gun.

Appellant and Novinca Walker met deceased and Leroy Garrett on a road. Appellant had in his possession two pistols. According to the testimony of witnesses for the State, as the parties met appellant drew a pistol and instructed Walker to get the other pistol. As Walker was drawing the pistol, appellant's pistol was discharged and deceased fell mortally wounded. Prior to pointing the pistol at deceased, appellant said: "Stick them up." Testifying in his own behalf, appellant admitted that he had two pistols. He testified that he pulled one of the pistols out and began playing with it, and that Walker had the other. He denied that he pointed his pistol at deceased and ordered him to hold his hands up. According to his version, the shot that killed deceased came from Walker's pistol. Walker testified that he had not secured appellant's pistol when the shot was fired. In short, Walker denied that he fired the fatal shot. The State's proof was to the further effect that appellant stated shortly after the homicide that Walker did not fire the shot that killed deceased.

The court instructed the jury to acquit appellant if they believed that Walker shot deceased. Further, the charge embraced an instruction to the effect that appellant should be acquitted if the jury believed deceased shot himself; and, again, that an acquittal should follow if the jury believed that the shot was accidentally fired by appellant, if he in fact fired such shot. We are unable to reach the conclusion that the evidence is insufficient.

Appellant filed a first application for a continuance, wherein he alleged that his wife and another witness were absent from the court and that both of said witnesses had been subpoenaed. The application is defective in failing to show the materiality of the absent testimony. Branch's Annotated Penal Code, sec. 312; Perkins v. State, 46 S. W. (2d) 672.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.